IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC LINDSEY,                                 )
                                              )
                 Plaintiff,                   )
                                              )
vs.                                           )       Case No. 24-2017-JAR-GEB
                                              )
UNIFIED GOVERNMENT OF                         )
WYANDOTTE COUNTY/KANSAS                        )
CITY, KANSAS                                  )
As Representative of                          )
KANSAS CITY BOARD OF                          )
PUBLIC UTILITIES,                             )
                                              )
                 Defendant.                   )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Request for Punitive Damages (ECF No. 4) ("Motion"). Defendant's Motion is inaptly titled as it does not seek to strike any claim for punitive damages, which in fact, Plaintiff does not make. Instead, it seeks to strike paragraphs 13-23 of Plaintiff's Complaint. The relevant paragraphs are factual allegations asserted in support of Plaintiff's claims for race discrimination, retaliation, and hostile work environment in violation of 42 U.S.C. § 1981. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion **(ECF No. 4)**.

## I.      Motion to Strike

Defendant moves to strike paragraphs 13-23 of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f). Defendant alleges the factual allegations set forth therein are immaterial and impertinent due to being barred by the four year statute of limitations for claims brought under 42 U.S.C. § 1981. Plaintiff opposes Defendant's Motion alleging the paragraphs do not assert any redundant, immaterial, impertinent, or scandalous matter. Plaintiff alleges the factual information in the relevant paragraphs "contain background evidence directly relating to the controversy of a pattern of discrimination, hostile work environment, and retaliation Plaintiff faced."[1]

### a.      Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] Motions to strike under Fed. C. Civ. P. 12(f) are generally disfavored.[3] Although motions to strike are generally disfavored, the decision whether to grant one is within the discretion of the court.[4] The party moving to strike faces a "demanding burden."[5]

---

[1] Response, ECF No. 6, at 2.
[2] Fed. R. Civ. P. 12(f).
[3] *Nwakpuda v. Falley's, Inc.*, 14 F.Supp.2d 1213, 1215 (D. Kan. 1998) (citing *Resolution Trust Corp. v. Scaletty*, 810 F.Supp 1505, 1515 (D. Kan. 1992)).
[4] *Dean v. Gillette*, No. 04-2100-JWL, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004).
[5] *United States ex rel. Schroeder v. Medtronic, Inc.*, No. 17-2060-DDC, 2024 WL 1095664, at *3 (D. Kan. Mar. 13, 2024) (quoting *John Michael Assocs., Inc. v. BlueStem Mgmt. Advisors LLC*, No. 22-2055, 2022 WL 1184447, at *2 (D. Kan. April 21, 2022)).

2

Courts will typically deny a motion to strike unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties."[6] "If there is any doubt as to whether under any contingency [a] certain matter may raise an issue the motion should be denied."[7] "[I]mmaterial matter is defined as that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material."[8] "'Impertinent matter,' for purposes of Fed. R. Civ. P. 12(f), consists of statements that do not pertain, and are not necessary, to the issues in question."[9] There is considerable overlap between the two concepts.[10]

Immateriality or impertinence alone, "is not enough to trigger the drastic remedy of striking parts of a pleading; the allegation must also be prejudicial to the defendant."[11] "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places undue burden on the responding party."[12]

b.      Discussion

Plaintiff filed his Complaint on January 16, 2024. His Complaint includes one count of race discrimination, retaliation, and hostile work environment in violation of 42 U.S.C. § 1981. Defendant accurately asserts the statute of limitations for such claims is four

---

[6] *Nwakpuda,* 14 F.Supp.2d at 1215.
[7] *Id.*
[8] *Dean,* 2004 WL 3202867, at *1.
[9] § 62:408. Striking immaterial or impertinent matter from pleading, generally; definitions and distinctions, 27A Fed. Proc., L. Ed. § 62:408.
[10] *Id.*
[11] *Dean,* 2004 WL 3202867, at *1. (citing *Foster v. Pfizer Inc.,* NO. 11-1287-JTM, 2000 WL 3317097, at *2 (D. Kan. Nov. 10, 1999)).
[12] *Id.*

years.[13] Plaintiff started to work for Defendant in approximately 2012.[14] Paragraphs 13-23 set forth factual allegations in support of Plaintiff's claims beginning "[s]hortly after his hiring," presumably in 2012 and continuing through January 9, 2020.[15] Plaintiff's following paragraphs, 24-50, include allegations in support of his claims at least through January 2023.[16] Defendant alleges any discrimination or retaliation occurring prior to January 11, 2020 is barred by the statute of limitations and where the factual allegations in paragraphs 13-23 occurred prior to that time they should be stricken as immaterial and impertinent.

Under 42 U.S.C. § 1981, to make a prima facie case of hostile work environment, Plaintiff must show, "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus."[17] He must demonstrate "that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[18] A court may review all allegations, "both prior and subsequent to the claim," as long as the party has "alleged at least one act contributing to the hostile environment within the statutory time period."[19]

---

[13] *Mitchell v. City & Cnty. of Denver*, 112 Fed.Appx. 662, 666 (10th Cir. 2004).
[14] Comp., ECF No. 1 at 2.
[15] *Id.* at 3-4.
[16] *Id.* at 4-9.
[17] *Mitchell*, 112 Fed.Appx. at 671 (quoting *Bolden v. PRC Inc.,* 43 F.3d 545, 551 (10th Cir. 1994)).
[18] *Id.* (quoting *McCowan v. All Star Maint., Inc.*, 273 F.3d 917, 923 (10th Cir. 2001)).
[19] *Id.* (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117-18 (2002).

Plaintiff's allegations of hostile work environment extend through January 2023 well into the statutory period. Therefore, the Court could review allegations prior to the statutory period in determining whether Plaintiff has proved a claim for hostile work environment. Because of this the Court cannot find the allegations in paragraphs 13-23 have no possible relation to the controversy. As such, Defendant has not met the demanding burden to show the factual allegations in paragraphs 13-23 are immaterial or impertinent.

Even had Defendant shown the factual allegations in paragraphs 13-23 were immaterial and impertinent, the Defendant does not argue and the Court does not find it would be prejudiced if these paragraphs remain in the Complaint. The Court does not find these 11 paragraphs of factual allegations regarding alleged discriminatory behavior from the time Plaintiff was hired confuses the issues and their inclusion in a relatively short 58 paragraph, 10 page Complaint certainly does not make it so lengthy that it places undue burden on the Defendant. Defendant has not met the demanding burden to show the relevant paragraphs are immaterial or impertinent, nor shown it would suffer prejudice if the paragraphs were not stricken.

For the reasons set for above, in the Court's discretion, **IT IS THEREFORE ORDERED** Defendant's Motion to Strike Plaintiff's Request for Punitive Damages **(ECF No. 4)** is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of July 2024.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge